UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUMAR KANA DIALLO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.
______________________________/

Case No. 1:26-cv-2567

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process (*Id*. at PageId.7.) Petitioner states that it has now been over six months since a February 26, 2026 bond hearing in which the immigration judge found that he is a flight risk and denied bond; Petitioner argues that he is not a flight risk. (*Id*. at PageID.5-6).

In an Order entered on September 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) On September 22, 20206, Respondents filed their response and a recording of the February 26, 2026 (Resp., ECF No. 6; Recording of Feb. 26, 2026,

Bond Hearing, filed on Sept. 22, 2026), and Petitioner filed his reply on September 28, 2026, (ECF No. 8).

**Discussion**

Petitioner is a citizen of Guinea who entered the United States in 2023. (Pet., ECF No. 1-1, PageID.19.) On December 18, 2025, Petitioner was arrested by ICE. (*Id.*) On February 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*) At that hearing, Petitioner argued that he was not a danger to the community or a flight risk because he had no criminal record, had a United States citizen sponsor, a stable residence, a pending asylum application, and had appeared for all ICE check-in appointments. (Recording of Feb. 26, 2026 Bond Hearing, at 1:50–3:33.) The Respondents argued that Petitioner was mandatorily detained because he is an applicant for admission, and Respondents asked the immigration judge to deny bond because Petitioner had limited community ties. (*Id.* at 5:30–5:45.) At the conclusion of the bond hearing, the immigration judge denied Petitioner's request for bond because Petitioner "recently arrived in the United States, has little or no family or community ties to the country, limited or no employment, no prior immigration status, and no probable path to obtaining lawful status, despite a pending asylum application and purported support from family and friends." (Immigration Judge Order, ECF No. 6-8, PageID.62; *see also* Recording of Feb. 26, 2026 Bond Hearing, at 10:40–11:22.) Further, the immigration judge found that Petitioner "did not demonstrate a sufficient likelihood that he would be granted asylum." (Immigration Judge Order, ECF No. 6-8, PageID.62; *see also* Recording of Feb. 26, 2026 Bond Hearing, at 11:22–11:40.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); see *LopezCampos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with

the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. See *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

Petitioner does not allege that his February 26, 2026 bond hearing was constitutionally deficient. Rather, he contends that his detention has become unconstitutionally prolonged in violation of his Fifth Amendment right, as six months have passed without a custody redetermination. (ECF No. 8, PageID.73). He is seeking to either be released or receive another bond hearing in which Respondent should be ordered to bear the burden of proof by clear and convincing evidence. (*Id*. at PageID.74).

If Petitioner believes that the circumstances have changed materially since an initial bond redetermination, he can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. Based on the record before the Court at this time, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 1, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge